# Exhibit A

# THE MARK LAW FIRM, LLC

Respond to Writer:
403 King George Road
Suite 201
Basking Ridge New Jersey 07920
908-626-1001
908-344-5544 (fax)

Jamison M. Mark, Esq.
Victor S. Broccoli, Esq.
Alicia T. Ochs, Esq. †*
Sohail Shahpar, Esq. †

New York Bar†
Of Counsel*

February 7, 2017

**VIA STATUS PROCESS SERVER**
Carriage Services d/b/a Feeney Funeral Home
232 Franklin Avenue
Ridgewood, NJ 07450

        RE: **Wild v. Carriage Services, et al.**
            Docket No. BER-L-687-17

Dear Sir or Madam:

    This office represents Plaintiff, Justin Wild, in connection with the above-captioned matter. Enclosed please find copies of Summons with accompanying Complaint and Case Information Statement and Track Assignment Notice. Please forward this Complaint to your legal counsel and have them contact this office to discuss.

    Thank you for your attention to this matter and courtesies in this regard.

Very truly yours,
THE MARK LAW FIRM, LLC

JAMISON M. MARK
jmark@newjerseyattorneys.com
For the Firm

JMM:sk
Encls.

---

*Bergen County
466 Kinderkamack Road
Oradell, New Jersey 07649
(201) 787-9406

*Essex County
One Gateway Center
Suite 1600
Newark, New Jersey 07102
(973) 544-1616

*Union County
2444 Morris Avenue
Union, New Jersey 07083
(973) 988-2212

*Hudson County
101 Hudson Street
Suite 2100
Jersey City, New Jersey 07302
(201) 787-9406

*Passaic County
922 Main Street
Suite 304
Paterson, New Jersey 07503
(973) 404-0490

*By appointment only

www.NewJerseyAttorneys.com

**MARK LAW FIRM, LLC**
403 King George Road
Suite 201
Basking Ridge, New Jersey 07920
(908) 626-1001
(908) 344-5544 - Facsimile
Attorney for Plaintiff

| | |
|---|---|
| JUSTIN WILD<br><br>Plaintiff,<br><br>vs.<br><br>CARRIAGE SERVICES d/b/a FEENEY FUNERAL HOME and JOHN DOES 1-10 (fictitious persons not yet known),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET No. BER-L-687-17<br><br>Civil Action<br><br>SUMMONS |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:**

**CARRIAGE SERVICES**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy

1

clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.


Dated: February 7, 2017

/s/ Jennifer Perez
Jennifer Perez
Clerk of the Superior Court


Name of Defendant and Address:      **CARRIAGE SERVICES**
Where to Serve:                      232 Franklin Avenue
                                     Ridgewood, NJ 07450

2

*MARK LAW FIRM, LLC*
403 King George Road
Suite 201
Basking Ridge, New Jersey 07920
(908) 626-1001
Jamison M. Mark, Attorney ID#: 042392000
Attorney for Plaintiff, Justin Wild

SUPERIOR COURT BERGEN COUNTY
FILED

JAN 3 0 2017

[signature]
DEPUTY C...

| | |
|---|---|
| JUSTIN WILD,<br><br>Plaintiff,<br><br>v.<br><br>CARRIAGE SERVICES, d/b/a FEENEY FUNERAL HOME and JOHN and JANE DOES 1-10 *(fictitious persons not yet known)*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY: LAW DIVISION<br><br>DOCKET NO.: BER- L- 687-17<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |

Justin Wild by and through his attorneys MARK LAW FIRM, LLC, by way of Complaint against Defendant, Carriage Services d/b/a Feeney Funeral Home, and John and Jane Does, does hereby state:

## PARTIES

1. Justin Wild is a resident of the Borough of Upper Saddle River, Bergen County New Jersey and was at all times relevant an employee of Defendant Carriage Services d/b/a Feeney Funeral Home.

2. Carriage Services d/b/a Feeney Funeral Home and its members (hereinafter "Carriage Services") have a principal place of business located 232 Franklin Avenue, Ridgewood, New Jersey, located in Bergen County.

3. John Does are individual persons who are unknown but had authority, control and/or engaged in conduct to discriminate directly or indirectly against Mr. Wild due to his disability.

## VENUE

4. Venue properly lies in Bergen County, Superior Court Law Division pursuant to Rule 4:3-2(a), because the Plaintiff was employed and the cause of action arose in Bergen County.

## FACTS

5. In or about 2013, Mr. Wild began working at Carriage Services b/d/a Feeney Funeral Home as a licensed funeral director.

6. He worked 28-30 hours per week, on a per-service fee arrangement.

7. In or about 2015, Mr. Wild was diagnosed with cancer.

8. He ultimately had a tumor removed in May 2015.

9. Ultimately, another mass was discovered on Mr. Wild's spine, which has yet to be operated on.

10. As a part of Mr. Wild's medical treatment, he was prescribed medicinal marijuana pursuant to the New Jersey Compassionate Use of Medical Marijuana Act, N.J.S.A. 24:6I-1.

11. Mr. Wild only uses the prescription at night after work, and never during work hours.

12. Mr. Wild was never under the influence of marijuana while at work.

13. On or about May 23, 2016, Mr. Wild was in a motor vehicle accident, wherein which he was T-boned, an accident determined to be not at fault, in and of the course of his employment.

14. Mr. Wild was sent via ambulance to the emergency room, at which time he disclosed his medicinal marijuana prescription while a medical history was performed.

15. Mr. Wild advised that he was not under the influence of medicinal marijuana at the time of the accident.

16. Because Mr. Wild's injuries were work related, his medicinal marijuana prescription was disclosed to Defendant Carriage Services.

17. Mr. Wild provided proof of the prescription to his employer.

18. Still, Mr. Wild was forced to undergo a drug test and was subsequently terminated for violating Carriage Services' Drug and Alcohol Policy because, "employees must advise their immediate supervisor if they are taking any medication that may adversely affect their ability to perform assigned duties safely."

19. Mr. Wild's prescription in no way affects his ability to perform his assigned duties as he does not work while under the influence of the medicinal marijuana.

20. Mr. Wild satisfactorily performed the essential function of his job without issue prior to his termination, and Defendant Carriage Services never stated otherwise.

21. Employees and agents of Carriage Services (whose identities are currently unknown but will be revealed throughout the course of discovery) disclosed to members of the Bergen County Funeral Directors' Association that Mr. Wild was terminated because Mr. Wild is a "drug addict," who was "under the influence of drugs" when a car accident occurred.

22. These statements are patently false, have harmed Mr. Wild's reputation and has interfered with Mr. Wild's efforts to obtain post termination employment.

## COUNT I

*(New Jersey Law Against Discrimination, N.J.S.A. 10:15-1 et seq. – DISABILITY DISCRIMINATION)*

23. Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint.

24. Plaintiff was disabled as defined in the New Jersey Law Against Discrimination N.J.S.A. 10:5-1 et seq.

25. Defendant treated Plaintiff in a discriminatory manner due to Plaintiff's disability and prescribed medical treatment.

26. Defendant terminated Plaintiff due to his disability and off work use of prescribed medical treatment.

27. Plaintiff's termination, an adverse act, was committed by the Defendant Carriage Services' upper management and/or supervisors.

28. Although the Defendant knew or should have known of the discrimination suffered, Defendant failed to take any corrective measures to stop or prevent the discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:15-1, et seq.

29. These illegal actions were committed against Plaintiff and the conduct complained of would not have occurred but for Plaintiff's disability. Defendants have engaged in behavior that violates the New Jersey Law Against Discrimination, N.J.S.A. 10:15-1, et seq, and have thereby irreparably injured Plaintiff.

## COUNT II

*(Aiding and Abetting)*

30. Plaintiff repeats and reasserts all allegations above as if fully set forth in paragraphs 1 through 29 of this Complaint.

31. Defendants John and Jane Does 1-10 wrongfully aided and abetted Defendants co-employees' unlawful, discriminatory treatment of Plaintiff, in violation of the New Jersey Law Against Discrimination N.J.S.A. 10:5-1, et seq. and all for all causes of action and actions herein.

32. Defendant co-employees conduct had the tacit approval of Defendants' upper-management.

33. Because of the collective acts of each Defendant, and due to their plan, scheme and motives to terminate and treat Plaintiff in an unlawfully discriminatory manner, Defendant Management wrongfully aided and abetted co-employees.

34. As a result of all Defendants unlawful conduct, Plaintiff suffered emotional distress, anxiety, and depression, humiliation and embarrassment.

35. As a concerted effort, Defendants, upper management and the company employees conspired to discrimination, harass, retaliate, and terminate Plaintiff.

## COUNT III

### *(DEFAMATION)*

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 above and incorporates them as if fully set forth herein.

37. Defendant Carriage Services' employees and agents, plead herein as John and Jane Does 1-10 falsely informed members of the Bergen County Funeral Directors Association that Plaintiff was a "drug addict" who was terminated because he was "under the influence of drugs" at the time of his car accident.

38. These statements are false and only made to harm Plaintiff's reputation.

39. The defamatory statements about Plaintiff were false in that Plaintiff is not a drug addict, was not under the influence of any drugs at the time of his accident and was not terminated for being under the influence of drugs at the time of the car accident.

40. Defendant's agents and employees made the false and defamatory statements of fact with actual knowledge that the statements were false and with the sole and express purpose of damaging Plaintiff's ability to obtain comparable employment and reputation within the Funeral Home community.

41. Plaintiff has been injured by the defamatory statements, as they have caused damage to Plaintiff's professional reputation, business relationships, business goodwill and standing in the community.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, Compensatory Damages for loss of pension, health insurance and other benefits, wages and rights, including back pay and front pay, for the violation of rights, for emotional distress, for pain and suffering;

Punitive Damages; Pre and Post Judgment Interest; and Attorney's Fees and Costs; and Other Equitable Relief.

RESPECTFULLY SUBMITTED,

MARK LAW FIRM, LLC
Attorney for Plaintiff, Justin Wild

Dated: 1/27/17

JAMISON M. MARK, ESQ.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Jamison M. Mark, Esq. as Trial Counsel.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands, pursuant to R. 4:35-1 et seq., trial by jury of all issues triable by jury

Dated: 1/27/17

MARK LAW FIRM, LLC
Attorney for Plaintiff, Justin Wild

JAMISON M. MARK, ESQ.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that Defendants disclose to Defendants' attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Defendants' attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage but also any and all EPLI, excess, homeowners, and umbrella policies.

MARK LAW FIRM, LLC
Attorney for Plaintiff, Justin Wild

_____
JAMISON M. MARK, ESQ.

Dated: 1/27/17

## DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information for attorney in any way to plaintiffs employment, to plaintiffs cause of action and/or prayers for relief, to a defense is the same, and pertaining to any party, including, but not limited to, electronic data storage, close circuit audio footage, digital images, computer images, cache memory, Searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, injuries on social networking sites, and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

MARK LAW FIRM, LLC
Attorney for Plaintiff, Justin Wild

Dated: 1/27/17

_____
JAMISON M. MARK, ESQ.

## CERTIFICATION PURSUANT TO R. 4:5-1.

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court or pending arbitration proceeding. I further certify that I have no knowledge of any contemplated action or pending arbitration proceeding regarding the subject matter of this action, and I am not aware of any other parties who should be joined to this matter.

MARK LAW FIRM, LLC
Attorney for Plaintiff, Justin Wild

_____
JAMISON M. MARK, ESQ.

Dated: 1/27/17

Appendix XII-B1



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY PAYMENT TYPE: ☐CK ☐CG ☐CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER: |
|---|---|

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Jamison M. Mark, Esq. | (908) 626-1001 | Bergen |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Mark Law Firm, LLC | L-687-17 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 403 King George Road, Suite 201 Basking Ridge, NJ 07920 | Complaint |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Justin Wild, Plaintiff | Justin Wild v. Carriage Services, d/b/a Feeney Funeral Home, et al. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 618 | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 10/01/2016, CN 10517

page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
(CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category  ☐ Putative Class Action  ☐ Title 59

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680

COURT TELEPHONE NO. (201) 527-2600          TRACK ASSIGNMENT NOTICE
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    FEBRUARY 01, 2017
                         RE:      WILD VS CARRIAGE SERVICES
                         DOCKET:  BER L -000687 17

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS  450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON CHARLES E. POWERS

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                         ATTENTION:
                                    ATT: JAMISON M. MARK
                                    MARK LAW FIRM LLC
                                    403 KING GEORGE RD  STE 201
                                    BASKING RIDGE      NJ 07920
JUBPAL5
```

## NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201)488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010