NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUSTIN WILD, | : | CIVIL ACTION NO. 17-1398 (JLL) |
| Plaintiff, | : | **O R D E R** |
| v. | : | |
| CARRIAGE FUNERAL HOLDINGS, INC., d/b/a FEENEY FUNERAL HOME; FEENEY FUNERAL HOME, LLC; DAVID B. FEENEY; and GINNY SANZO, | : | |
| Defendants. | : | |

**LINARES, Chief District Judge**

**IT APPEARING THAT:**

1. The plaintiff, who is a New Jersey citizen, originally brought this action in New Jersey state court to recover damages for violations of state law against the defendant Carriage Funeral Holdings, Inc., d/b/a Feeney Funeral Home (hereinafter, "CFH") only. (*See* ECF No. 1-1 at 5–12.)

2. CFH then removed this action from state court based upon the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1 at 1–4.)

3. The Magistrate Judge thereafter granted the plaintiff's motion for leave to file an amended complaint. (*See* ECF No. 23 at 1–2 (Order); ECF No. 22 at 1–18

(Opinion).) CFH did not appeal from the Magistrate Judge's decision, and the time to do so has expired. *See* L. Civ. R. 72.1(c)(1).

4. The plaintiff has now filed the amended complaint, wherein he asserts additional state law claims against the following defendants: Feeney Funeral Home, LLC; David B. Feeney; and Ginny Sanzo. (*See* ECF No. 25 at 1–16.)

5. Feeney and Sanzo are New Jersey citizens. (*See* ECF No. 25 at 2–3; *see also* ECF No. 22 at 4–8 (confirming that both Feeney and Sanzo are New Jersey citizens).)

6. As a result, the plaintiff is no longer a "citizen[] of [a] different State[]" in relation to each defendant in this action, *i.e.*, Feeney and Sanzo. 28 U.S.C. § 1332(a)(1). Thus, the "require[ment of] complete diversity between all plaintiffs and all defendants" for diversity jurisdiction is now lacking in this action. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

7. There is:

> a general principle that jurisdiction is determined at the time the suit is filed. . . . Even in diversity cases the rule admits to at least one exception, as 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Hence, a district court can sometimes, after suit is filed, permit the destruction of subject matter jurisdiction.

*Kabakjian v. United States*, 267 F.3d 208, 212 (3d Cir. 2001).

8. Therefore, the Court remands this action for lack of diversity jurisdiction. For good cause appearing:

**IT IS THEREFORE** on this ____8th____ day of November, 2017, **ORDERED** that the action is remanded to New Jersey Superior Court, Bergen County; and it is further

**ORDERED** that this action is closed.[1]

_____
JOSE L. LINARES
Chief Judge, United States District Court

---

[1] A remand of the action is preferable to a dismissal of the claims, as "a remand may best promote the values of economy, convenience, fairness, and comity," because "[a]ny time a district court dismisses, rather than remands, a removed case . . . , the parties will have to refile their papers in state court, at some expense of time and money," and "the state court will have to reprocess the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988).